IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Chiara Ettorre, individually and on behalf of all others similarly situated under 29 U.S.C. § 216(b)** | |
| *Plaintiffs,* | |
| **v.** | **Civil No. 4:19-cv-00245** |
| **New York Pizzeria, Inc.** | |
| *Defendant.* | |

## COLLECTIVE ACTION COMPLAINT

Chiara Ettorre ("Plaintiff") on behalf of herself and all others similarly situated ("Class Members") (Plaintiff and Class Members are collectively referred to as "Plaintiffs") brings this lawsuit against New York Pizzeria, Inc. ("Defendant") alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

## I.   INTRODUCTORY STATEMENT

1.      This is a collective action brought pursuant to the FLSA by Plaintiff, on behalf of Plaintiff and all others similarly-situated. *See* 29 U.S.C. § 216(b).

2.      In 1938, Congress passed the FLSA in an attempt to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living. The purpose of the FLSA is to provide "specific

minimum protections to individual workers and to ensure that each employee covered by the Act ... receive[s] '[a] fair day's pay for a fair day's work' and [is] protected from 'the evil of "overwork" as well as "underpay." *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981).

3.      Section 206 of the FLSA requires employers to compensate employees at a rate of not less than the minimum wage, which is currently $7.25 per hour. *See* 29 U.S.C. § 206(a). However, for tipped employees, employers may take a "tip credit" against payment of the full minimum wage in an amount up to $5.12 per hour, using a portion of an employee's tips to satisfy the employer's minimum wage obligations to the employee. *See* 29 U.S.C. § 203(m). The use of the tip credit results in a huge savings to employers who, by utilizing the tip credit, are relieved of their obligation to pay the full minimum wage and are able to pay employees as little as $2.13 per hour plus tips.

4.      Though, in utilizing the tip credit defense, the FLSA specifically sets forth two conditions that the employer[1] must satisfy: 1) the employer must inform the employee that it will take a tip credit; and 2) the employer must allow its tipped employees to retain all the tips they receive, except those tips included in a lawfully administered tip pool. *Id*. "What the Congress has said, in effect, to restaurant employers is that, if you precisely follow the language of 3(m) . . . you may obtain a . . .

---

[1] *See Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 724 (W.D. Tex. 2010) (quoting *Bernal*, 579 F.Supp.2d at 808) ("[d]efendants, as the employers, bear the burden of proving that they are entitled to taking tip credits."); *Whitehead v. Hidden Tavern Inc.*, 765 F. Supp. 2d 878, 881-82 (W.D. Tex. 2011) (The burden of proof is not upon plaintiffs under the circumstances of establishing a tip credit. Case law illustrates the employer must establish the entitlement to the tip credit after the employee pleads a violation of the tip credit provision.)

credit from the receipt of tips toward your obligation to pay the minimum wage. The corollary seems obvious and unavoidable: if the employer does not follow the command of the statute, he gets no credit." *Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 681 (D. Md. 2012) (quoting, *Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1977). "Congress, in crafting the tip credit provision of section 3(m) of the FLSA did not create a middle ground allowing an employer both to take the tip credit and share employees' tips." *Chung v. New Silver Palace Restaurant, Inc.*, 246 F. Supp. 2d 220, 230 (S.D.N.Y. 2002)).

5.     Here, Defendant failed to follow federal law and violated Section 203(m) – an affirmative defense – in that Defendants failed to (1) inform Plaintiff and Class Members of the tip credit pursuant to 29 U.S.C. § 203(m); and (2) allow Plaintiff and Class Members to retain all their tips. For instance, Defendant subjected Plaintiff and Class Members to unlawful deductions from their tips, which is a violation of condition two of the tip credit. As a result, Defendant forfeited its ability to take a "tip credit" – resulting in liability to Plaintiff and Class Members for the full minimum wage plus other damages provided for under the FLSA.

6.     Because there are other putative plaintiffs who are similarly situated to Plaintiff with regard to work performed and Defendant's compensation policies, Plaintiff brings this action to recover unpaid wages, liquidated damages, attorneys' fees, and costs on behalf of herself and all others similarly situated. Accordingly, Plaintiff on behalf of herself and all others similarly situated bring this collective action to recover unpaid wages under Section 216(b) of the FLSA, as well as all other

applicable rules and law.

## II.   PARTIES

7.      Plaintiff, Chiara Ettorre, is an individual who was employed by Defendant from approximately March 1, 2015 until December 27, 2018. At all relevant times, Ms. Ettorre was an "employee" of Defendant as defined by the FLSA. Plaintiff has consented to be a party-plaintiff to this action, as indicated by her notice of consent, which is being filed along with this Complaint as "*Exhibit A*."

8.      The Putative Plaintiffs/Class Members are those current and former servers (i.e. waiters and waitresses) who worked at any one or more of Defendant's restaurant locations within the three (3) year period preceding the filing of this lawsuit through the final disposition of this matter ("Class Members"). Class Members will "opt in" pursuant to Section 16(b) of the FLSA. *See* 29 U.S.C. § 216(b).

9.       At all times hereinafter mentioned, Plaintiff and Class Members were employees of Defendants and were engaged in commerce or in the production of goods for commerce as required by the FLSA.

10.      Defendant, New York Pizzeria, Inc. ("Russo's" or "Defendant") is a Texas corporation.  Defendant is in the business of operating a restaurant called Russo's New York Pizzeria with multiple locations, including locations in Texas.  Defendant can be served with process by serving its registered agent, Joseph J Hroch, at 4635 Southwest Freeway, Suite 900 Houston, Texas 77027 or wherever it may be found.

## III.   JURISDICTION AND VENUE

11.      This Court has subject-matter jurisdiction over this matter because

Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

12.    This Court has personal jurisdiction over Defendant is incorporated in Texas and is doing business in Texas.

13.    Venue is proper in the Houston Division of the United States District Court for the Southern District of Texas. Plaintiff was an employee of Defendants and performed work for Defendant at one of Defendant's restaurants located in Houston, Texas. The acts or omissions occurred, at least in part, in this district and division. Defendant is doing business in this district and division. Accordingly, venue in this Court is proper under 28 U.S.C. § 1391(b).

## IV.    FLSA COVERAGE

14.    At all relevant times, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15.    At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

16.    At all relevant times, Defendant has been an "enterprise" within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendant has been, through unified operation or common control, engaged in the performance of related activities for a common business purpose – namely, operating multiple restaurant locations. Plaintiff and Class Members were employed by Defendant to work as

servers at Defendant's multiple restaurant locations.

17.    At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Upon information and belief, Defendant had gross receipts in excess of $500,000 (exclusive of excise tax) in each of the years 2016, 2017, and 2018.

18.    At all relevant times, Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) of Defendant who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 326 - 329 (5th Cir. 1993).

## V.    FACTS

19.    Defendant operates a chain of restaurants known as Russo's, which, according to its website[2], has locations "from Hawaii to Dubai, with over 30 outposts in between." Upon information and belief, Defendant owns at least six (6) locations within the greater Houston, Texas area.

---

[2] *See* https://nypizzeria.com/locations/ (last accessed January 23, 2019)

20.    From approximately March of 2015 until December 27, 2018, Plaintiff worked at two (2) of Defendant's restaurant locations in Houston, Texas, which were both owned and operated by Defendant. During her entire employment, Defendant paid Plaintiff a direct hourly wage of $2.13 per hour. Defendant then purported to apply at least a $5.12 per hour tip credit to Plaintiff's hourly wage.

21.    Defendant employed Plaintiff and other individuals as servers ("Class Members") in the State of Texas within the three (3) year period preceding the filing of this lawsuit and paid them all a subminimum wage per hour prior to accounting for the receipt of earned tips.

22.    At all times relevant, Plaintiff and Class Members were employees of Defendant as that term is defined by the FLSA and relevant case law. *See e.g.*, *Circle C. Investments, Inc.*, 998 F.2d at 327. During their employment with Defendant, as servers, Plaintiff and Class Members waited on customers, took food and drink orders, processed credit card payments, answered questions regarding the menu, removed dinnerware from tables, and performed other tasks in Defendant's restaurant.

23.    Plaintiff and Class Members handle and sell food and beverages that have been moved in interstate commerce as defined by 29 U.S.C. § 203(b). Plaintiff and Class Members handle credit card transactions involving institutions located outside the state of Texas.

24.    As part of the payment scheme that Defendant used to pay Plaintiff and Class Members, Defendant paid Plaintiff and Class Members a subminimum hourly

7

rate of pay to work as servers. Defendant then purported to rely on tips generated from customers to supplement Plaintiff and Class Members' subminimum hourly wage.

25.     The practice of relying on tips to bring an employee's effective rate of pay up to the minimum wage is known as taking a tip credit. The use of the tip credit results in huge savings to Defendant because Defendant pays Plaintiff and Class Members less than minimum wage in direct wages per hour – prior to accounting for the receipt of tips that Plaintiff and Class Members receive from customers.

26.     Defendant relies on the tips generated from customers to supplement Plaintiff and Class Members' wages to bring the effective rate of pay – with tips included – up to the required minimum wage of $7.25 per hour. *See* 29 U.S.C. § 203(m) Section 203(m) is known as the tip-credit and is an affirmative defense to the payment of minimum wage under Section 206 of the FLSA. *See Bernal v. Vankar Enters.*, 579 F. Supp. 2d 804, 808 (W.D. Tex. 2008) ("Defendants, as the employers, bear the burden of proving that they are entitled to taking tip credits.")

27.     However, Defendant violated the Section 203(m) affirmative defense by 1) retaining Plaintiff and Class Members' tips for Defendant's own purposes by making unlawful deductions; and 2) failing to notify Plaintiffs and Class Members of the tip credit provisions. Defendant's actions are in violation of Section 203(m) and therefore, Defendant has and is violating the minimum wage as cited in 29 U.S.C. § 206.

28.     For instance, Defendant deducted a fee from Plaintiff's wages which

Defendant used to pay for the expense of cleaning the restaurant's linens (e.g. table cloths and linen napkins). Defendant deducted this linen fee from Plaintiff's paychecks on a consistent basis throughout her employment with Defendant. In Plaintiff's experience, the other servers working at Defendant's restaurants who were also paid $2.13 per hour also had this linen fee deducted from their paychecks.

29.     Defendant deducted a linen fee from its servers' paychecks during the three-year period preceding the filing of this lawsuit.

30.     Defendant's pattern and practice of deducting this linen fee from Plaintiff and Class Members paychecks is a retention of tips and violates condition two of 29 U.S.C. § 203(m). *See also,* 29 C.F.R. 531.3(d)(1), (2) & 29 C.F.R. 531.32(c).

31.     Defendant also did not inform Plaintiff and Class Members of the provisions of the tip credit, violating condition one of 29 U.S.C. § 203(m). *See* 29 C.F.R. § 531.59(b).

    a.  Defendant did not inform Plaintiff and Class Members of the amount of the tips to be credited toward the minimum wage. *See Id.*

    b.  Defendant did not inform Plaintiff and Class Members that all tips received must be retained by the employee. *See Id.*

    c.  Defendant did not inform Plaintiff and Class Members that the tip credit shall not apply to any employee who has not been informed by the employer of the provisions for a tip credit. *See Id.*

    d.  Defendant did not inform Plaintiffs and Class Members that the tip credit may only be taken as to the amount of the tips actually received

9

and that the employer may not retain any of the employee's tips. *See Id.*

32.      If the employer fails to adhere to the FLSA's very specific requirements, it loses its right avail itself of the tip credit. *See Martin v. Tango's Rest., Inc.*, 969 F.2d 1319, 1323 (1st Cir. 1992) (stating that if the penalty for failing to adhere to the FLSA's notice provisions of the tip credit seems harsh, "it is also true that notice is not difficult for the employer to provide.") Accordingly, based upon the illegal conduct of Defendant as set forth herein, Defendant is disavowed from using the tip-credit as a defense to the payment of the full minimum wage.

33.      Defendant's method of paying Plaintiff and Class Members in violation of the FLSA was not based on good-faith and a reasonable belief that its conduct complied with the FLSA. Therefore, an award of liquidated damages is mandatory.

34.      Defendant's method of paying Plaintiff and Class Members in violation of the FLSA was willful and was not based on good-faith and reasonable belief that its conduct complied with the FLSA. Therefore, a three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

35.      During the three-year period prior to this suit, Defendant has employed individuals who performed similar job duties under a similar payment scheme as used to compensate Plaintiff.

## VI.      COLLECTIVE ACTION ALLEGATIONS

36.      The foregoing paragraphs are fully incorporated herein.

37.      Plaintiff (the "Collective Action Representatives") brings this FLSA claim as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "Collective

Action"). In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as a representative of all similarly-situated former and current servers who worked at any one or more of Defendant's restaurant locations. The proposed collective of similarly situated employees ("Class Members") sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as:

> **All servers who worked at one or more of Defendant's restaurant locations within the three (3) year period preceding the filing of this lawsuit through the final disposition of this matter.**

38.     FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

39.     Other employees have been victimized by Defendants' common pattern, practice, and scheme of paying employees in violation of the FLSA. Plaintiff is aware of other employees who have worked at one or more of Defendant's restaurant locations who were paid in the same unlawful manner as Plaintiff. Plaintiff is aware that Defendant's illegal practices or policies have been uniformly imposed on the Class Members.

40.     Plaintiff and the Class Members have the same pay structure, have the same job duties, and were also required to pay for a linen fee. Plaintiff and Class Members are all victims of Defendant's unlawful compensation scheme.

41.     Plaintiff and the Class Members are all non-exempt for purposes of minimum wage payments under the FLSA.

42.     Defendant's failure to pay minimum wage pursuant to the FLSA results

from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members. Plaintiff's experience in regard to pay is typical of the experiences of the Class Members.

43.     Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The Class Members' claims arise from a common nucleus of facts. Specifically, Defendant's systematic course of illegal conduct in violation of the FLSA's minimum wage requirements caused harm to Plaintiff and Class Members.

### VII.    CAUSE OF ACTION: MINIMUM WAGE VIOLATIONS PURSUANT TO THE FAIR LABOR STANDARDS ACT

44.     The foregoing paragraphs are fully incorporated herein.

45.     During the relevant period, Defendant has violated and is violating the provisions of Section 6 of the FLSA, 29 U.S.C. § 206, and 215(a)(2), by employing Plaintiff and Class Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, and failing to pay such employees at the minimum wage rate.

46.     Defendant pays Plaintiff and Class Members less than the federally mandated minimum wage of $7.25 per hour. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendant, Plaintiff, or Class Members.

47.     Defendants' failure to pay Plaintiff and Class Members at the minimum

wage rate is a violation of the FLSA's minimum wage requirement. *See* 26 U.S.C. § 206.

48.    Defendants cannot use Section 203(m) as an affirmative defense to the payment of minimum wage because Defendant's practice of requiring Plaintiff and Class Members to retain all of their tips disavows the use of the tip credit as cited in 29 U.S.C. § 203(m). Also, Defendant cannot rely on Section 203(m) because Defendant did not give Plaintiff and Class Members notice of their intent to pay Plaintiff and Class Members in accordance with the tip credit provisions specified in Section 203(m) and Section 531.59 of the Code of Federal Regulations.

## VIII.  DAMAGES SOUGHT

49.    The foregoing paragraphs are fully incorporated herein.

50.    Plaintiff and Class Members are entitled to recover compensation for the hours worked for which Plaintiff and Class Members were not paid at the federally mandated minimum wage rate.

51.    Plaintiff and Class Members are entitled to all of the misappropriated funds, including remittance of the full amount of the tips Defendants received from customers, which were for the benefit of Plaintiff and Class Members.

52.    Plaintiff and Class Members are entitled to reimbursement of funds that were deducted from their paychecks for linen fees.

53.    Plaintiff and Class Members are also entitled to an amount equal to all of the unpaid wages (including all misappropriated tips and illegal deductions) as liquidated damages as Defendant's actions were not based upon good-faith. *See* 29

U.S.C. § 216(b).

54.     Plaintiff and Class Members are entitled to recover attorneys' fees and costs as required by the FLSA. *See* 29 U.S.C. § 216(b).

## IX.   JURY DEMAND

55.     Plaintiff requests trial by jury.

## X.   PRAYER

56.     Plaintiff and Class Members pray that this Court enter judgment against Defendant and in favor of Plaintiff and Class Members as follows:

   a.   For an order pursuant to section 216 of the FLSA finding Defendant liable for unpaid minimum wages due to Plaintiff (and those who may join in the suit), and for liquidated damages equal in amount to the unpaid minimum wages due to Plaintiff (and those who may join in the suit);

   b.   In the event liquidated damages are not awarded, for an order awarding Plaintiff (and those who may join in the suit) an amount of pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

   c.   For an order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

   d.   For an order awarding Plaintiff (and those who may join in the suit) the costs of this action; and

   e.   For an order granting such other and further relief as this Court deems

just and appropriate.

Respectfully submitted,


By: _/s/ Drew N. Herrmann_
Drew N. Herrmann
Texas Bar No. 24086523
SDTX Federal ID No. 3050726
_drew@herrmannlaw.com_
**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, Texas 76102
(817) 479-9229 – telephone
(817) 260-0801 – fax

ATTORNEYS FOR PLAINTIFF
AND CLASS MEMBERS