United States District Court  Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
April 27, 2021
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Chiara Ettorre, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-19-245 |
| New York Pizzeria, Inc., et al., | § § § | |
| Defendants. | § | |

## Opinion on Partial Summary Judgment

1. *Background.*

On May 13, 2016, Russo's Westheimer, Inc., hired Chiara Ettorre as a server. She was paid the tipped hourly wage that was supplemented with the tips that she received.

On December 27, 2018, Russo's fired Ettorre for inappropriate behavior before customers.

On January 23, 2019, Ettorre sued claiming that Russo's violated the Fair Labor Standards Act when it: (a) did not inform her about the tip credit provisions, and (b) improperly deducted a $10 "linen fee" from her bi-weekly paychecks. Both parties have cross-moved for summary judgment. Ettorre will prevail.

2. *Fair Labor Standards Act.*

An employer may pay tipped workers below minimum wage by applying a "tip credit" to offset the difference.[1] Russo's must show that it is entitled to claim the tip credit.[2]

---

[1] 29 U.S.C. § 203(m).

[2] *Steele v. Leasing Enterprises, Limited,* 826 F.3d 237, 242 (5th Cir. 2016).

A. *Notice of Provisions.*

To claim the tip credit, Russo's must have told Ettorre about the tip credit provisions of the Act.[3] The Department of Labor requires the worker to be told that:

(1) the base wage must be at least $2.13 per hour;
(2) the tip credit amount cannot exceed $5.12 per hour;
(3) the tip credit claimed cannot exceed the amount of tips actually received;
(4) all tips that are received are to be retained by the worker, unless there is a valid tip pool; and
(5) the tip credit does not apply if no notice of it is given.[4]

Russo's says that Ettorre admitted in her deposition that she was told that she would get to keep all of her tips. Russo's offers no evidence that it told Ettorre about the tip credit, that the credit cannot excede her actual tips, and – arguably – what her base wage was. Courts have accepted testimony, employee handbooks, posters, and trainings to show notice. Russo's baldly asserting that it told Ettorre about all of the provisions is insufficient to meet its burden.

Because it cannot show that it gave proper notice of the tip credit provisions, Russo's will not be able to claim the tip credit exception to the minimum wage requirement. It will be liable for full minimum wage – the difference between minimum wage and Ettorre's base wage or the value of the tip credit it claimed.[5]

---

[3] 29 U.S.C. § 203(m).

[4] The Tip Wage Credit, 29 C.F.R. 531.59 (2011).

[5] *Gustavus v. Cazos, Inc.*, 774 F. Supp. 2d 856, 858 (S.D.T.X. 2011).

B.   *Linen Fee.*

To claim the tip credit, Russo's must have allowed Ettorre to keep all of the tips she received.[6] Under the Act, wages include the "reasonable cost ... to [Russo's] of furnishing [Ettorre] with board, lodging, or other facilities, if ... customar[y]."[7] The focal point is whether the facility is "regularly provided" not whether it is "voluntarily accepted."[8] If the deduction is improper, it violates the Act's minimum wage requirements.[9]

Russo's says that the $10 bi-weekly fee covers the reasonable cost of: (a) an initial uniform, (b) laundering the aprons, and (c) meals and drinks during shifts. It argues the fee does not reduce Ettorre's wage below the minimum. Her wage is based on reported tips, and she was always paid above minimum wage – even without accounting for the cash tips she did not always report.

A "facility" is unreasonable if it is primarily for the benefit of the employer, and this includes uniforms and laundry if the items laundered are required to be worn.[10] It appears from the record that the servers were required to wear the aprons, so charging them for the costs of the uniform and laundry is categorically unreasonable.

It is theoretically possible that the meals and beverages alone could be justified by the $10 bi-weekly fee. It is irrelevant about whether the meal is actually eaten, just that Russo's offered it as an option.

Russo's, however, must have kept sufficient records to substantiate $10 as the reasonable cost of the meals offered. Russo's does not have to show the

---

[6] 29 U.S.C. § 203(m).

[7] *Id.*

[8] *Donovan v. Miller Properties, Inc.*, 711 F.2d 49, 50 (5th Cir. 1983).

[9] *Shultz v. Hinojosa*, 432 F.2d 259, 266 (5th Cir. 1970).

[10] General Determinations of "Reasonable Cost," 29 C.F.R. 531.3(d)(2) (2021).

cost of the actual food given, just records that show the average cost of the meals – whether they are eaten by employees or customers.[11] Russo's gives no evidence of a single record or calculation kept of the average costs of a meal. Merely showing the menu – or price charged – is insufficient.

Because some costs were unreasonable, and it otherwise did not keep proper records, Russo's will not be able to retain the linen fee as it was an improperly taken tip.

3.  *Conclusion.*

Because it improperly claimed the tip credit, erroneously kept part of the tips, and failed to keep adequate records, Russo's Westheimer, Inc., will be liable under the Fair Labor Standards Act for its minimum wage violations. It will owe Chiara Ettorre the value of the tip credit claimed for each hour she worked and the $10 linen fee from each of her bi-weekly paychecks.

Signed on April 27, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[11] *See Herman v. Collis Foods, Inc.*, 176 F.3d 912 (6th Cir. 1999).