**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **Chiara Ettorre , individually and on behalf of all others similarly situated under 29 U.S.C. § 216(b)** | |
| *Plaintiff,* | No.  **4:19-cv-00245** |
| **v.** | **PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |
| **New York Pizzeria, Inc.** | |
| *Defendant.* | |

## Table of Contents

I.   Plaintiff is entitled to a mandatory award of attorneys' fees. ................................................. 2

II.  Legal standard for computing attorneys' fees ........................................................................ 2

   A.   Plaintiff seeks recovery of the lodestar—there is a strong presumption that the "lodestar" is the reasonable fee...................................................................................................................3

      1.   The hourly rates are reasonable considering the rates charged by other attorneys with comparable experience. ...........................................................................................................3

      2.   The time spent working on this case is reasonable considering the work performed, the success obtained, and the billing judgment already exercised by Plaintiff in reducing the time spent litigating this matter. ................................................................................................ 6

   B.   The most critical factor—the degree of success obtained—weighs heavily in favor of Plaintiff where Plaintiff prevailed on all issues and obtained complete relief. ..................... 9

   C.   The *Johnson* factors further support the amount of the lodestar........................................10

   D.   Significant Fee Awards in cases with Comparatively Modest Damage Awards................16

III.  Plaintiff seeks an award of reasonable costs incurred. .......................................................18

IV.  Request for Post-Judgement Interest...................................................................................21

Pursuant to the Court's Order, [Doc. 55], Plaintiff files this motion as the prevailing party, respectfully seeking an award of attorneys' fees and costs under the Fair Labor Standards Act.

## I.     Plaintiff is entitled to a mandatory award of attorneys' fees.

Under the FLSA, an award of attorney's fees and costs to a prevailing plaintiff is mandatory. *Tyler v. Union Oil Co.,* 304 F.3d 379, 404 (5th Cir. 2002); *see also, Black v. Settlepou, P.C.,* 732 F.3d 492, 502 (5th Cir. 2013) ("Under the FLSA, an employer who violates the statute is also required to pay attorney's fees."); 29 U.S.C. § 216(b) ("The court in such action [under the FLSA] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendants, and costs of the action.").

Here, there is no dispute Plaintiff is the prevailing party and entitled to a mandatory award of attorney's fees under the FLSA. *See Final Judgment*, [Doc. 54] ("Attorney's fees are mandatory for Chiara Ettorre–as the prevailing plaintiff–in cases under the Act." (citing 29 U.S.C. § 216(b)).

## II.     Legal standard for computing attorneys' fees

The method under which to calculate attorney's fees is the "lodestar" method. *Fender v. Zapata P'ship, Ltd.*, 12 F.3d 480, 487 (5th Cir. 1994). Courts must use the "lodestar method" to "assess attorneys' fees" in FLSA suits. *Strong v. Bellsouth Telecomm., Inc.,* 137 F.3d 844, 850 (5th Cir. 1998). The lodestar is computed by multiplying the number of hours reasonably expended by the reasonable hourly rate. *SettlePou, P.C.*, 732 F.3d at 502 ("The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for [the] work."); *see also Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995). In ascertaining the compensable time, the court

determines the appropriate hourly rate based on the prevailing community standards for attorneys of similar experience in similar cases. *Kellstrom*, 50 F.3d at 328.

"Trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

### A. Plaintiff seeks recovery of the lodestar—there is a strong presumption that the "lodestar" is the reasonable fee.

There is a strong presumption of the reasonableness of the lodestar amount. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006); *see also Saldivar v. Austin Indep. Sch. Dist.*, 675 F. App'x 429 (5th Cir. 2017); *Sheffield v. Stewart Builders*, 2021 U.S. Dist. LEXIS 48116, at *5 (S.D. Tex. 2021) ("The Supreme Court has also instructed that the court should engage in a 'strong presumption' that the lodestar figure, without adjustment, is the reasonable fee award." citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, (1986)).

Here, after making discretionary write-offs and adjustments and exercising billing judgment, Plaintiff seeks reasonable attorneys' fees based on the lodestar amount of $73,463.40. *See Herrmann Decl.,* (Exhibit 1 at App. 006 ¶¶ 15-16); *Time Records*, (Exhibit 2 at App. 009-031). Plaintiff's lodestar amount is based on: (1) the reasonable hourly rates of the attorneys' and legal staff working on this case; and (2) the reasonable time spent working on this case.

#### 1. *The hourly rates are reasonable considering the rates charged by other attorneys with comparable experience.*

Plaintiff seeks recovery of time incurred by lead counsel, Drew Herrmann. Mr. Herrmann seeks recovery of his time in this matter at the rate of $395 per hour, which is reasonable

considering the rates charged by other attorneys with comparable experience in the area of labor and employment law who practice in Houston, Texas. *See Welmaker Decl.,* (Exhibit 4 at App. 034 ¶ 9); *see also Herrmann Decl.,* (Exhibit 1 at App. 003 ¶¶ 6-7).

Mr. Herrmann has substantial experience litigating FLSA cases and has appeared as lead counsel in numerous wage and hour cases, including several cases involving the FLSA's tip credit provisions. *See Herrmann Decl.,* (Exhibit 1 at App. 001-002 ¶¶ 3-4). A court recently commended Mr. Herrmann (who was lead counsel) and his co-counsel for their work and the favorable result achieved for their clients in a wage and hour case. *Montgomery v. Cont'l Intermodal Group-Trucking LLC*, No. 19-940, 2021 U.S. Dist. LEXIS 68946, at *10-11 (D.N.M. Apr. 9, 2021) ("Plaintiff's Counsel at Herrmann Law, PLLC . . . have substantial experience litigating wage and hour cases. Plaintiff's Counsel were able to draw on their prior experience in similar litigation to achieve a manifestly favorable settlement."); *see also Herrmann Decl.,* (Exhibit 1 at App. 002-003 ¶ 5).

Courts within this district have approved similar hourly rates to attorneys with similar experience to Mr. Herrmann litigating labor and employment cases. *See, e.g., Worrell v. Houston Can! Academy*, 287 Fed. App'x 320, 327 (5th Cir. 2008) (upholding $500 rate in uncontested declaration); *Novick v. Shipcom Wireless*, Inc., No. 4:16-CV-00730, 2018 U.S. Dist. LEXIS 198446, at *7 (S.D. Tex. 2018) (awarding fees based on hourly rates of $450 and $500); *Rose v. BCE Technology Corp*. 2014 U.S. Dist. LEXIS 44695, 2014 WL 1322979, at *3 (S.D. Tex. 2014)("Courts in and around Houston have found hourly rates between $200 and $600 to be reasonable after considering the experience of the lawyer, the reputation of the firm, and the complexity of the case."); *In re Wells Fargo and Hour Employment Practices Litigation (No. III)*, Case No. 4:11-md-2266 (court approved Wills' application for attorney's fees in FLSA matter at rate of $550 per

4

hour); *Whitney Bank v. Hancock*, 2013 U.S. Dist. LEXIS 49485, 2013 WL 1404822, at *3-4 (S.D. Tex. Apr. 5, 2013)(hourly rates of $450 to $475 per hour found reasonable for a commercial litigator with 23 years' experience); *Jane Roe/Rachel V. Rose v. BCE Technology Corp.*, No. 4:12-CV-1621, 2014 U.S. Dist. LEXIS 44695, at *3 (S.D. Tex. Mar. 28, 2014) ("Courts in and around Houston have found hourly rates between $200 and $600 to be reasonable after considering the experience of the lawyer, the reputation of the firm, and the complexity of the case."); *Rouse v. Target Corp.*, 181 F. Supp. 3d 379, 385 (S.D. Tex. 2016)(approving hourly rate of $500).[1]

In addition, Mr. Herrmann assigned various tasks to his legal support staff (i.e. legal assistants and a 3L law clerk) whose time are all billed at an hourly rate of $145 per hour. *See Herrmann Decl.,* (Exhibit 1 at App. 003-004 ¶ 8, and App. 006-007 ¶¶ 17-18).

Similar rates have been upheld for paralegals and law clerks. *See, e.g., Miniex v. Hous. Hous. Auth.*, No. 4:17-0624, 2019 U.S. Dist. LEXIS 174525 (S.D. Tex. 2019) (awarding hourly rates of $165 and $180 for paralegals); *Mid-Continent Cas. Co. v. Petroleum Sols., Inc.*, No. 4:09-0422, 2017 U.S. Dist. LEXIS 223160, at *25 (S.D. Tex. 2017) (finding that $175 per hour was a reasonable hourly rate for paralegal); *Michaels Stores Procurement Co. v. DMR Constr., Inc.*, No. 3:18-CV-1436-B, 2019 U.S. Dist. LEXIS 15372 (N.D. Tex. Jan. 31, 2019) (finding hourly rate of $225 for paralegal reasonable); *Indus. Print Techs., LLC v. Cenveo, Inc.*, No. 3:15-md-02614-M, 2020 U.S. Dist. LEXIS 156538 (N.D. Tex. June 12, 2020) (awarding $225.00 per hour for paralegal); *League of United Latin American Citizens v. Roscoe Independent School Dist.*, 119 F.3d 1228, 1235 (5th Cir. 1997).[2]

---

[1]   *See also,* LAFFEY MATRIX, http://www.laffeymatrix.com/see.html ($465 per hour is reasonable hourly rate for attorney 4-7 years out of law school).

[2]   *See also,* LAFFEY MATRIX, http://www.laffeymatrix.com/see.html ($206 is reasonable hourly rate for paralegals and law clerks).

### 2. *The time spent working on this case is reasonable considering the work performed, the success obtained, and the billing judgment already exercised by Plaintiff in reducing the time spent litigating this matter.*

Plaintiff seeks an award of attorneys' fees based on the time spent working on this matter by Mr. Herrmann and the legal support staff assigned to this matter. The total time incurred working on this matter is supported by the detailed time records *attached as* Exhibit 2. *Time Records*, (Exhibit 2 at App. 009-031). It is the regular and customary practice for Plaintiff's counsel to keep and record, in real-time, the time and costs incurred in representing its clients, which is what was done in this case and is reflected in Exhibit 2. *Herrmann Decl.,* (Exhibit 1 at App. 004-005 ¶ 12); *Time Records*, (Exhibit 2 at App. 009-031).

As described in more detail in the attached time records, Plaintiff incurred significant time litigating this case. *See Herrmann Decl.,* (Exhibit 1 at App. App. 004 ¶ 11, and App. 005 ¶ 13); *Time Records*, (Exhibit 2 at App. 009-031). Defendant vigorously contested liability, including filing a motion for summary judgment. Defendant continues to dispute liability at every turn—even after the Court granted summary judgment. *See Final Judgment*, [Doc. 54] (Defendant "spends the majority of its briefing [regarding damages] attempting to relitigate its liability."); *see also Order to Strike*, [Doc. 56] (granting Plaintiff's motion to strike, striking Defendant's evidence that it introduced in a renewed attempt to contradict and undo the Court's summary judgment order).

Plaintiff's counsel performed various tasks during the course of representing Plaintiff and litigating this dispute, including generally: 1) initial claim evaluation and research; 2) research and development of claims and litigation strategy; 3) researching case law and legal issues, gathering evidence, drafting pleadings and reviewing pleadings; 4) maintaining client communication; 5) gathering and reviewing information from Plaintiff, responding to discovery, and producing

documents; 6) reviewing and analyzing Defendant's discovery responses and document production; 7) analyzing records to calculate Plaintiff's damages, computing damages, and creating damages model; 8) preparing for Plaintiff's deposition, meeting to prepare Plaintiff for her deposition, and defending Plaintiff's deposition; 9) drafting Rule 30(b)(6) deposition topics, preparing and planning for Defendant's deposition, and taking Defendant's Rule 30(b)(6) deposition; 10) reviewing, analyzing, and outlining deposition transcripts from Plaintiff's and Defendant's depositions; 11) researching and drafting in connection with briefing Plaintiff's motion for summary judgment;[3] 12) briefing related to Defendant's cross-motion for summary judgment;[4] 13) briefing related to the issue of damages;[5] and 14) drafting this motion for attorney's fees and costs.[6] *See Herrmann Decl.,* (Exhibit 1 at App. 005 ¶ 12); *see also Time Records,* (Exhibit 2 at App. 009-031).

Before making any adjustments to the time entries, Plaintiff's counsel incurred the following time litigating this matter on behalf of Plaintiff:

| Name | Title | Initials | Time Incurred |
|------|-------|----------|---------------|
| Drew N. Herrmann | Attorney | DH | 200.8 |
| Allison H. Peregory | 3L Law Clerk | AP | 70.1 |
| Legal Support Staff | Legal Assistants | LSS | 13.3 |
| | **Total** | | **284.2** |

---

[3]   *Pl's Mot Summ J.,* [Doc. 27]; *Pl's Reply in Supp.*, [Doc. 40]; *Pl's Mot to Strike Def's Evid.*, [Doc. 39]

[4]   *Pl's Resp in Opp. to Def's Mot. Summ. J.*, [Doc. 35]

[5]   *Pl's Br in Supp. Damages.*, [Doc. 50]; *Pl's Resp in Opp. to Def's Damages Br.*, [Doc. 52]; *Pl's Mot. to Strike Def's Evid*, [Doc. 53]

[6]   In general, attorney's fees incurred to prepare a fee application are compensable. *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996). In addition to time incurred preparing this opening brief (which only includes time up to 06/23/2021), Plaintiff has yet to incur the additional time that will be necessary to complete briefing this motion, reviewing Defendant's forthcoming response, and researching and drafting Plaintiff's forthcoming reply.

While Plaintiff submits that the total time incurred was necessary—particularly in light of the result obtained—Plaintiff's counsel has made various reductions to the time sought in order to demonstrate the fairness of the lodestar amount. First, counsel would show that Plaintiff does not seek recovery of any time for co-counsel, Douglas Welmaker. *See Welmaker Decl.,* (Exhibit 4 at App. 034 ¶ 11). Second, Plaintiff made line-by-line adjustments to various time entries for duplicative or excessive time entries, including an across the board 50% reduction of all time billed by the firm's 3L law clerk. Finally, Plaintiff further reduced the adjusted time (after the line-by-line adjustments) by an additional 10%. *See Herrmann Decl.,* (Exhibit 1 at App. 006 ¶ 15); *see also Time Records*, (Exhibit 2 at App. 009-031).

In total, Plaintiff made the following write-offs and adjustments (including a 10% across the board reduction) to the total time sought:

| Name | Title | Line-by-Line Write-Offs | Additional 10% Reduction | Total Adjustments |
|---|---|---|---|---|
| Drew N. Herrmann | Attorney | -11.35 | -18.95 | (30.30) |
| Allison H. Peregory | 3L Law Clerk | -35.05 | -3.51 | (38.56) |
| Legal Support Staff | Legal Assistants | -1.50 | -1.18 | (2.68) |
|  |  | -47.90 | -23.63 | (71.53) |

Accounting for the above adjustments to the time incurred, Plaintiff requests attorneys' fees based on the following adjusted time:

| Name | Title | Initials | Time Incurred | Total Time Written-Off | Total Time (after Adj) |
|---|---|---|---|---|---|
| Drew N. Herrmann | Attorney | DH | 200.8 | (30.30) | 170.505 |
| Allison H. Peregory | 3L Law Clerk | AP | 70.1 | (38.56) | 31.545 |
| Legal Support Staff | Legal Assistants | LSS | 13.3 | (2.68) | 10.62 |
|  |  |  | 284.2 | (71.53) | 212.67 |

In sum, after accounting for the adjustments and write-offs, Plaintiff requests an award of reasonable attorneys' fees based on the lodestar amount of $73,463.40. *See Herrmann Decl.*, (Exhibit 1 at App. 006 ¶¶ 15-16).

| Name | Title | Hourly Rate | Total Time (after Adj) | Lodestar |
|------|-------|-------------|------------------------|----------|
| Drew N. Herrmann | Attorney | $395 | 170.51 | $67,349.48 |
| Allison H. Peregory | 3L Law Clerk | $145 | 31.55 | $4,574.03 |
| Legal Support Staff | Legal Assistants | $145 | 10.62 | $1,539.90 |
|  |  |  | 212.67 | $73,463.40 |

As noted above, Plaintiff's counsel exercised considerable billing judgment insofar as Plaintiff's counsel did not "charge" for several tasks and made several adjustments to account for duplicative tasks. *See Herrmann Decl.*, (Exhibit 1 at App. 006-007 ¶¶ 16-18). As set forth in the declaration of Plaintiff's counsel, the attorney's fees incurred were reasonable and necessary in light of the result obtained and the amount of work that went into litigating this matter. Defendant's refusal to engage in settlement discussions necessitated the time spent litigating this matter, which ultimately concluded with Plaintiff being awarded the full amount of her damages. *See Herrmann Decl.*, (Exhibit 1 at App. 004 ¶ 11).[7]

**B. The most critical factor—the degree of success obtained—weighs heavily in favor of Plaintiff where Plaintiff prevailed on all issues and obtained complete relief.**

While there is a strong presumption that the lodestar is the reasonable fee, "the most critical factor in determining an attorney's fee award is the degree of success obtained." *Martinez v. Ranch Masonry, Inc.*, 760 F. App'x 288, 290 (5th Cir. 2019) (quoting *SettlePou, P.C.*, 732 F.3d at 503 (quoting *Saizan*, 448 F.3d at 799) (citing *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th

---

[7]   *See Novick v. Shipcom Wireless, Inc.*, 2018 U.S. Dist. LEXIS 198446, at *8-9 (S.D. Tex. 2018).

Cir. 1998) (noting the Supreme Court has also determined that this was the "most critical factor" (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992); *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983))).

"[T]he most critical factor in determining a fee award is the degree of success obtained," *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003) (quoting *Romaguera v. Gegenheimer*, 162 F.3d 893, 896 (5th Cir. 1998)); *Migis*, 135 F.3d at 1047 (reiterating that results obtained is crucial factor in determining proper fee award); *Arriaga v. Califco, LLC*, Civil Action No. 3:12-CV-0094-D, 2013 U.S. Dist. LEXIS 157966, at *4-5 (N.D. Tex. Nov. 5, 2013) (The court notes that Arriaga's attorneys achieved nearly complete success in their suit against defendants).

Here, Plaintiff obtained the full amount of her damages initially sought. *Compare, Pls Amended Rule 26 Discl.*, [Exhibit 5 at App. 037] (total damages (before fees & costs) $23,996.28) *with Final Judgment*, [Doc. 54 at p. 2] (awarding Plaintiff damages (before fees & costs) $23,996.00). Therefore, the most critical factor—the degree of success obtained—weighs heavily in favor of Plaintiff. In addition to obtaining the full amount of damages sought, the reasonableness of Plaintiff's lodestar amount is further supported by Defendant's unwillingness to extend any settlement offers—even after the Court granted summary judgment on liability—Defendant has still never made a single offer settle this matter. Plaintiff submits that the lodestar amount is the reasonable fee, especially considering Plaintiff's success and Defendant's refusal to settle.

## C. The *Johnson* factors further support the amount of the lodestar.

As discussed above, there is a strong presumption that the lodestar figure is a reasonable fee.[8] However, after calculating the lodestar, courts may adjust the award of attorney's fees based upon the twelve *Johnson* factors. *Johnson v. Georgia Highway Exp., Inc.,* 488 F.2d 714, 717-719

---

[8]    *See* Section A, infra, at pp. 2-3

(5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87 (1989). The

12 *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* However, the court should not adjust the lodestar based on a factor that is already subsumed in

the lodestar calculation. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553, 130 S. Ct. 1662, 176

L. Ed. 2d 494 (2010). As noted above, the lodestar is presumptively reasonable and Plaintiff seeks

recovery of the lodestar amount.[9]

### 3.  *Time and Labor Involved*

A significant amount of work had to be undertaken in order to zealously advance Plaintiff's

interests in this case from the very beginning. *Herrmann Decl.,* (Exhibit 1 at App. 05 ¶ 13); *Time*

*Records*, (Exhibit 2 at App. 009-031).

That work included: performing research on a number of novel legal issues, engaging in

discovery (hundreds of documents produced and reviewed), presenting Plaintiff for her

deposition, preparing several pleadings, responding to multiple motions filed by Defendant,

---

[9]   The lodestar analysis already subsumed several of the *Johnson* factors, including the time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service properly, the customary fee, the amount involved and the results obtained, the experience, reputation, and ability of the attorneys, and awards in similar cases. There is no evidence that the other factors (i.e., whether the fee is fixed or contingent, time limitations imposed by the client or the circumstances, the undesirability of the case, and the nature and length of the professional relationship with the client) warrant any adjustment to the lodestar.

attending status conference, participating in dozens of phone conferences between counsel for the parties (as well as between counsel and the Plaintiff), preparing Plaintiff for deposition, preparing for Defendant's Rule 30(b)(6) deposition, taking Defendant's Rule 30(b)(6) deposition, significant research and drafting related to briefing the cross motions for summary judgment, and additional briefing related to the issues of damages. *Herrmann Decl.,* (Exhibit 1 at App. 05 ¶ 13).

Finally, Defendant has never made a single offer to settle. *See Herrmann Decl.,* (Exhibit 1 at App. 004 ¶ 11). In sum, Defendant fiercely defended this matter and contested all issues of liability, which required a substantial investment of both time and money by Plaintiff's counsel.

### 4.   *Novelty and Difficulty of Question Presented*

The questions in this case involved nuanced provisions under the FLSA, which were only further complicated by Defendant's dueling contentions. First, Defendant vigorously contended (and still contends) that there was no minimum wage violation. Second, while Defendant argued that Plaintiff could not establish a minimum wage violation, Defendant also asserted that it complied with the provisions of the tip credit defense. The tip credit is a nuanced provision under the FLSA that, if all elements are satisfied, allows an employer to pay less than minimum wage. The tip credit involves nuanced provisions under the FLSA, which also implicate the FLSA's minimum wage provisions—concepts that Defendant's counsel still does not fully grasp. *See Def's Reply to Pl's Add'l Br.*, [Doc. 51 at p. 2] (despite the Court's summary judgment order, Defendant persists that "[t]here is no tip credit liability because the payroll records consistently establish that [Plaintiff] always earned above minimum wage.").

12

### 5. *The Skill Requisite to Perform Legal Services Properly*

In light of the novel tip credit questions and novel arguments raised by Defendant, the case required counsel who are skilled in employment law matters. As set forth in Plaintiff's counsel's declaration, Plaintiff's counsel is adequately skilled and otherwise qualified to pursue this case, as was also demonstrated by Plaintiff prevailing on summary judgment and defeating Defendant's cross Motion for Summary Judgment.

### 6. *The Preclusion of Other Employment by the Attorneys Due to Acceptance of this Case*

As Plaintiff's billable records demonstrate, litigation of this case required a significant time commitment—particularly during portions of 2019. *See Time Records*, (Exhibit 2 at App. 009-031). However, while this case precluded Plaintiff's counsel from working on other matters during time periods Plaintiff's counsel was working on this case, Plaintiff's counsel does not necessarily contend there was anything unique about this case that had a distinct or certain effect of *precluding* other employment.

### 7. *The Customary Fee*

It has been Plaintiff's counsel's experience that other attorneys (with similar experience and expertise) who practice in the area of wage and hour litigation typically charge similar rates (or slightly higher at $400 - $550 per hour) for their time handling similar cases. *Herrmann Decl.,* (Exhibit 1 at App. 03 ¶ 7). In the case at bar, Plaintiff's counsel is requesting that the Court approve an hourly rate of $395 per hour for the time spent by Mr. Herrmann and $145 per hour for the time spent by his firm's legal support staff, including a 3L law clerk. *Herrmann Decl.,* (Exhibit 1 at App. 003-004 ¶¶ 7-8). As noted above, Plaintiff is not, at this time, seeking attorneys' fees for the time spent by co-counsel, Mr. Welmaker. *See Welmaker Decl.,* (Exhibit 4 at App. 034 ¶ 11). Based on the foregoing, Plaintiff's requested rates are reasonable, customary, and appropriate for this case.

### *8.   Whether the Fee is Fixed or Contingent*

Due to the contingent nature of this case, Plaintiff's counsel had an enormous incentive to litigate the case as economically and efficiently as possible. *Herrmann Decl.,* (Exhibit 1 at App. 04 ¶ 10). Accordingly, counsel has attempted at all times to allocate and coordinate work assignments to promote efficiencies and avoid unnecessary duplication. The reasonableness of Plaintiff's requested fee is further justified by the fact that Plaintiff's counsel accepted this case on a contingency fee basis, with no guarantee that any of the fees incurred or costs advanced would ever be recovered.

Indeed, in the event that Plaintiff was unsuccessful at trial, Plaintiff's counsel would not be paid at all. Therefore, it is vital to Plaintiff's counsel's practice to be able to anticipate that, at a minimum, they will recover their lodestar and all expenses when they prevail. If Plaintiff's counsel could not obtain such reasonable lodestar recoveries, when successful, they could not afford to accept and litigate FLSA and other employment actions for most, if not all, employee plaintiffs. The Fifth Circuit has held that "[l]awyers who are to be compensated only in the event of victory expect and are entitled to be paid more when successful from those who are assured of compensation, regardless of result." *Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir. 1981) (en banc.). Both the number of hours expended by Plaintiff's counsel, as well as the hourly rates sought, should account for the contingent nature of Plaintiff's agreement with Plaintiff's counsel.

### *9.   Time Limitation*

As mentioned above, this case required a significant time commitment from Plaintiff's counsel during portions of 2019. This case proceeded very quickly—the case was filed in 2019 and the parties completed discovery and briefing on their cross-motions for summary judgment all by

October of 2019. Therefore, during portions of 2019 when Mr. Herrmann devoted considerable time to this case, Mr. Herrmann was naturally unavailable to work on new case development when devoting time to this case.

### 10. *The Amount Involved and the Result Obtained*

Plaintiff's counsel obtained an exceptional result for Plaintiff. Not only did Plaintiff prevail on liability, but Plaintiff was also awarded the full amount of her damages, plus full liquidated damages. *Compare, Pls Amended Rule 26 Discl.*, [Exhibit 5 at App. 037] (total damages (before fees & costs) $23,996.28) *with Final Judgment*, [Doc. 54 at p. 2] (awarding Plaintiff damages (before fees & costs) $23,996.00).

### 11. *The Experience, Reputation, and Ability of Counsel*

Plaintiff's counsel are experienced, reputable, and able employment attorneys. *Herrmann Decl.,* (Exhibit 1 at App. 001-002 ¶¶ 2-5); *Welmaker Decl.,* (Exhibit 4 at App. 034-035). As noted in detail above and in the attached declaration, Plaintiff's counsel is experienced in litigating FLSA cases and has appeared as lead counsel in numerous cases, including several cases involving the FLSA's tip credit provisions. *See Herrmann Decl.,* (Exhibit 1 at App. 001-003 ¶¶ 3-7).

### 12. *The Undesirability of the Case*

Pursuing a case such as this one carries many risks given that it was handled on a contingency fee basis. FLSA claims cost significant money to litigate, and with a contingency fee interest, there is no guarantee that plaintiff's counsel will be successful in recovering their expenses, much less their fees, despite working on the case for more than two-and-a-half years.

### 13. *The Nature and Length of the Professional Relationship with the Client*

Plaintiff's counsel represented Plaintiff on a contingency fee basis, and there is not a continuing profitable attorney-client relationship between Plaintiff and Plaintiff's counsel. Since

initiating this lawsuit, Plaintiff's counsel has engaged in extensive litigation and incurred substantial expenses on behalf of Plaintiff.

### 14. *Awards in Similar Cases*

As set forth herein, the hourly rates requested by Plaintiff's counsel are reasonable and customary for attorneys in Houston with similar qualifications and experience. *Herrmann Decl.,* (Exhibit 1 at App. 001-002 ¶¶ 2-5); *Welmaker Decl.,* (Exhibit 4 at App. 034 ¶ 9).

For these reasons, Plaintiff respectfully request the Court to award attorneys' fees based on the lodestar amount of $73,463.40.

### D.  Significant Fee Awards in cases with Comparatively Modest Damage Awards

Defendant may argue that Plaintiff's fee award should somehow be limited in comparison to the total amount recovered. However, the Fifth Circuit has held that "while the district court must take the degree of success obtained into account, it would be an abuse of discretion for the district court to reduce [the Plaintiff's] attorney's fee award solely on the basis of the amount of damages obtained." *Black v. Settlepou, P.C.*, 732 F.3d 492, 503 (5th Cir. 2013). Indeed, fee-shifting provisions signal Congress' intent that violations of particular laws be punished, and not just large violations that would already be checked through the incentives of the American Rule. "The function of an award of attorney's fees is to encourage the bringing of meritorious ... claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel." *City of Riverside v. Rivera*, 477 U.S. 561, 578, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986) (quotation marks and citation omitted).

The Fifth Circuit has further observed that, given the unique nature of FLSA claims, "it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many

multiples." *Howe v. Hoffman-Curtiss Partners Ltd., LLP*, 215 Fed. Appx. 341, 342 (5th Cir. 2007); *see also Andrews v. United States,* 122 F.3d 1367, 1376 (11th Cir. 1997) (holding that the fee award need not be proportionate to the result obtained); *Powell v. Carey Intern., Inc.,* 547 F. Supp. 2d 1281, 1286 (S.D. Fla. 2008) ("Given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case.").

Courts in the Fifth Circuit routinely approve fee awards in FLSA cases that are several times the amount of a plaintiff's recovery. *See e.g., Howe,* 215 Fed. Appx. at 342 (affirming $129,805.50 in attorney fees on damages of $23,357.30); *Lucio-Contu v. Vela*, 239 Fed. Appx. 866 (5th Cir. 2007) (affirming $51,750.00 in attorneys' fees on $4,697.79 in total damages for three plaintiffs); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354 (5th Cir.1990) (approving $9,250 in attorneys' fees $1,181 in damages); *Robinson v. Nexion Health at Terrell Inc.*, 3:12-CV-3853-L-BK, 2017 WL 5891790, at *8 (N.D. Tex. Nov. 1, 2017), report and recommendation adopted, 3:12-CV-3853-L, 2017 WL 5714795, at *1 (N.D. Tex. Nov. 28, 2017) (awarding $246,134.50 in attorney fees on $28,990.46 in damages); *Willis v. Full Service Construction et al*, 4:14-cv-1673, Dkt. 77, (S.D.Tex., Feb. 26, 2016) (awarding $99,291.75 in fees and costs on $6,686.20 in damages); *Black v. SettlePou, P.C.*, 3:10-CV-1418-K, 2014 WL 3534991, at *4 (N.D. Tex. July 17, 2014) (on remand from the Fifth Circuit, awarding $232,400.81 in attorney fees on $23,747.56 in damages); *Roussel v. Brinker International, Inc*., 2010 WL 1881898 (S.D. Tex. 2010) (awarding $1,600,000.00 in attorneys' fees on damages of approximately $200,000.00); *Hilton v. Exec. Self Storage Assocs., Inc.*, 2009 U.S. Dist. LEXIS 51417, 2009 WL 1750121, at *8 (S.D. Tex. June 18, 2009) ("Given the nature of claims under [t]he FLSA, it is not uncommon that attorneys' fee requests will exceed the

17

amount of judgment in the case." (quoting *Powell v. Carey Int'l, Inc.*, 547 F.Supp.2d 1281, 1286 (S.D. Fla. 2008)).[10]

### III.    Plaintiff seeks an award of reasonable costs incurred.

In actions under the FLSA, employers who violate the FLSA's overtime provisions shall, in addition to any judgment awarded to the plaintiffs, be liable for costs of the action. 29 U.S.C. §216(b). The expenses that Plaintiff incurred in prosecuting this action are itemized in the records *attached as* Exhibit 3 (App. 032). *See Herrmann Decl.,* (Exhibit 1 at App. 007 ¶¶ 19-20).

The Federal Rules of Civil Procedure provide for an award of costs "to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Furthermore, the FLSA allows for the recovery of costs. *See* 29 U.S.C. § 216(b). Additionally, pursuant to 28 U.S.C. § 1920 and FRCP 54, Plaintiff requests that the Court enter judgment against Defendant for Plaintiff's taxable costs and other litigation-related expenses reasonably and necessarily incurred through the date of this application. Title 28 U.S.C. § 1920 enumerates certain categories of costs routinely awarded to prevailing litigants.[11] FRCP 4(d)(1) further provides that "[u]nless a federal statute, these rules or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." This principle applies to the FLSA's attorneys' fee provision.

---

[10]    The Supreme Court has rejected the notion that an award of attorneys' fees must be "proportional" to the damages awarded to a successful plaintiff. *See City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986).

[11]    28 U.S.C. § 1920 allows the following categories of costs:

    (1)  Fees of the clerk and marshal;

    (2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

    (3)  Fees and disbursements for printing and witnesses;

    (4)  Fees for exemplification and copies of papers necessarily obtained for use in the case;

    (5)  Docket fees under section 1923 of this title;

    (6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Courts within the Fifth Circuit have held that such costs are also appropriately awarded to the prevailing parties in FLSA cases as part of a reasonable fee. There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs. Cheatham v. Allstate Ins. Co., 465 F.3d 578, 586 (5th Cir.2006). "Reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are types of litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award." *Hilton v. Executive Self Storage Associates*, 2009 WL 1750121, at * 16 (S.D. Tex. June 18, 2009) (citing *Quintanilla v. A & R Demolition Inc.*, 2007 WL5166849, at *9 (S.D. Tex. May 7, 2007)); *see also Hoenninger v. Leasing Enters.,* No. A-14-CV-798- LY, 2021 U.S. Dist. LEXIS 27166, at *7-9 (W.D. Tex. Feb. 12, 2021) (permitting recovery of costs for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation fees, exhibits, document scanning, and visual equipment litigation expenses) (*citing Castro v. Precision Demolition LLC*, 2017 WL 6381742, at *10 (N.D. Tex. Dec. 14, 2017); *Rouse v. Target Corp.*, 181 F. Supp. 3d 379, 392 (S.D. Tex. 2016); *Alex v. KHG of San Antonio, LLC*, 125 F. Supp.3d 619, 630 (W.D. Tex. 2015)); *Union Pac. R.R. Co. v. Am. Ry.,* No. SA-17-CV-00270-XR, 2021 U.S. Dist. LEXIS 112019, at *24 (W.D. Tex. 2021) ("Courts in the Fifth Circuit have determined that reimbursement for travel, meals, lodging, photocopying, long-distance phone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are the types of litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award.")(citations omitted)(internal quotations omitted)

In total, Plaintiff seeks recovery of **$2,307.22** for costs and other litigation-related expenses. *See Cost Records,* (Exhibit 3 at App. 032); *see also Herrmann Decl.,* (Exhibit 1 at App. 007 ¶¶ 19-20). First, Plaintiff seeks an award of taxable costs incurred in this action in the amount of $1,297.27, which includes a filing fee, service of process fees, and costs to obtain transcripts.

| Date | Type | Description | Qty | Amount |
|------|------|-------------|-----|--------|
| 01/23/2019 | Cost | Filing fee for opening new case/filing Complaint | 1.00 | $400.00 |
| 02/07/2019 | Cost | Alliance Civil Process, Inc.  Serve Summons with Complaint, Houston Texas Invoice #2019000178 | 1.00 | $95.00 |
| 05/27/2019 | Cost | Transcript for Initial Conference held on April 16, 2019 | 1.00 | $161.50 |
| 07/16/2019 | Cost | SLS Litigation - Cost of Court Reporter for 30(b)(6) | 1.00 | $640.77 |
| | | | **Total:** | **$1,297.27** |

In addition, Plaintiff seeks reimbursement of $1,009.95 in litigation-related expenses (primarily travel expenses). As reflected above, these types of litigation expenses are recoverable under the FLSA as part of an attorneys' fee award.

| Date | Type | Description | Qty | Amount |
|------|------|-------------|-----|--------|
| 03/22/2019 | Expense | First class mailing fee sending Pltff's Rule 26 Initial Disclosures and USB to Gregg Rosenberg | 1.00 | $0.65 |
| 04/09/2019 | Expense | Roundtrip Flight from DAL to HOU for pre-trial conference on April 16, 2019 | 1.00 | $405.96 |
| 04/16/2019 | Expense | Uber ride from IAH to Courthouse for Case Management Conference | 1.00 | $19.10 |
| 04/16/2019 | Expense | Uber ride from Courthouse to IAH for Case Mgmnt Conf | 1.00 | $17.32 |
| 04/22/2019 | Expense | Round-trip Flights for Plaintiff Deposition | 1.00 | $219.96 |
| 05/08/2019 | Expense | Secretary of State Web Inquiry: Document  879110380002 Date Rcvd 4/2/2019 | 1.00 | $1.00 |
| 06/27/2019 | Expense | Round-trip flight from DAL to HOU for deposition of corporate representative | 1.00 | $336.96 |
| 07/12/2019 | Expense | Airport parking for deposition of Corporate Representative | 1.00 | $9.00 |
| | | | **Total:** | **$1,009.95** |

In total, Plaintiff seeks recovery of **$2,307.22** for costs and other litigation-related expenses. *See Cost Records,* (Exhibit 3 at App. 032).

## IV. Request for Post-Judgement Interest

In FLSA cases, plaintiffs are entitled to post-judgment interest at the prevailing rate. 28 U.S.C. § 1961(a) ("[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."); *see also Reeves v. Int'l Tel. & Tel. Corp.,* 705 F.2d 750, 751-52 (5th Cir. 1983) (awarding post-judgment interest in FLSA case). Therefore, Plaintiff respectfully requests the Court award post-judgment interest to accrue until the judgment is paid in full.

\*     \*     \*

For the foregoing reasons, Plaintiff respectfully requests recovery of fees, costs, and litigation-related expenses in the total amount of **$75,770.62.**

As set forth above and in the attached exhibits, the lodestar amount of attorneys' fees sought by Plaintiff in this matter are reasonable. Plaintiff provided the Court with adequate, detailed documentation of the time and fees incurred, and has shown that the respective hourly rates are reasonable and comparable to what other attorneys of similar experience charge in Houston, Texas. Moreover, as set forth above and in the attached time records, Plaintiff's counsel exercised considerable billing judgment.

As more particularly set forth in the attached exhibits, Plaintiff requests the Court award Plaintiff attorneys' fees based on the lodestar amount of $73,463.40, plus costs and litigation-related expenses incurred in this action in the amount of $2,307.22. Finally, Plaintiff requests all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,


By: */s/ Drew N. Herrmann*
      Drew N. Herrmann
      Texas Bar No. 24086523
      SDTX Federal ID No. 3050726
      drew@herrmannlaw.com
      **HERRMANN LAW, PLLC**
      801 Cherry St., Suite 2365
      Fort Worth, TX 76102
      Phone: 817-479-9229
      Fax: 817-840-5102

     -AND-

      Douglas B. Welmaker
      Texas Bar No. 00788641
      SDTX Federal ID No. 17038
      doug@morelandlaw.com
      **MORELAND VERRETT, PC**
      2901 Bee Cave Rd, Box L
      Austin, Texas 78746
      Phone: (512) 782-0567
      Fax: (512) 782-0605

      ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I certify that on June 25, 2021 a true and correct copy of the above document will be served via CM/ECF.

      */s/ Drew N. Herrmann*
      Drew N. Herrmann