IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Chiara Ettorre<br><br>*Plaintiffs,*<br><br>v.<br><br>Russo′s Westheimer, Inc.<br><br>*Defendant.* | No. 4:19-cv-00245<br><br>**PLAINTIFFS' MOTION FOR TURNOVER AFTER JUDGMENT AND APPOINTMENT OF RECEIVER AND MASTER** |

Chiara Ettorre, ("plaintiff" or "Ettorre") requests appointment of a Receiver and turnover of the property of judgment Defendant, Russo's Westheimer Inc. d/b/a New York Pizzeria ("defendant"), under Texas Civil Practice & Remedies Code, § 31.002 (the "statute") and appointment of a Master under Federal Rule of Civil Procedure 70 (the "rule").

## I. THE JUDGMENT

1. Plaintiff holds a total judgment amount of $99,398.00 for underlying claims, attorney's fees, and costs against Russo's Westheimer Inc. The breakdown for the total Judgement awarded is $23,996.00 for underlying claims, with 0.04% post-judgment interest (ECF No. 54), Attorney's fees of $73,095.00, plus 0.08% post judgment interest, and $2,307 for costs (ECF No. 65).

2. Ettorre sued Russo's claiming violations of the Fair Labor Standards Act ("FLSA") for. While Plaintiff only filed for partial summary judgment, after complete briefing, the court granted Plaintiff's motion with no claim left to be decided at a trial. The court granted plaintiff's motion for partial summary judgement (ECF No. 45), awarded plaintiff her damages

1

(ECF No. 54), and awarded plaintiff her attorneys' fees and costs (ECF No. 65).

3. Defendant appealed the final judgment.

4. The Fifth Circuit affirmed the judgement. *See e.g., Ettorre v. Russos Westheimer, Inc.*, No. 21-20344, 2022 U.S. App. LEXIS 7295, at *5 (5th Cir. Mar. 18, 2022) ("Because Russos failed to produce evidence of its compliance with the FLSA or its good faith, we affirm the district court's judgment.").

5. Defendant refuses to pay plaintiff.

6. Plaintiff served defendant with post judgment discovery requests. Initially, Defendant chose to ignore Plaintiff's post-judgment discovery requests, resulting in plaintiff filing a motion to compel. *See Pl's Mot to Compel,* ECF No. 73. The Court subsequently granted plaintiff's Motion, ordering defendant to respond to plaintiff's discovery requests by June 10, 2022. *See Order,* ECF No. 74.

7. Defendant ignored the Court's Order and did not timely-serve responses by the Court-ordered deadline. Instead, Defendant waited until July 21, 2022—more than a month past the Court-ordered deadline—to serve responses to plaintiff's post-judgment discovery. *See Def's Resp to Pl's Post-Judgment Discovery*, Exhibit 1. Nevertheless, the responses Defendant's responses are so inconsistent, incomplete, and evasive it is as if Defendant did not respond at all.

8. Defendant refuses to pay plaintiff, despite having the ability to pay, so plaintiff moves for an order for turnover and appointing a Receiver and Master.

II. PROPERTY SUBJECT TO TURNOVER

9. Defendant is a company in good standing, has initiated no bankruptcy proceeding, nor is there a judgment or lien pending against it, has no tax-related trouble.

10. Defendant owns or controls property that is not exempt from attachment,

execution, or other seizure for the satisfaction of liabilities. Specifically, Defendant continues to operate, and it is clear, based on the evidence plaintiff uncovered in performing an asset search, that defendant has assets, ongoing business, and potentially receivables that defendant may move around like a shell game to hide assets.

11. None of the property owned and/or controlled by defendant as addressed herein can be readily attached or levied on by ordinary legal means. Defendant has hidden and continues to hide its assets and income to frustrate creditors and collection efforts. Defendant can freely move proceeds around, and by its nature, it is difficult or impossible to secure through ordinary collection efforts.

### III.   APPOINTMENT OF RECEIVER

12. Rule 69 of the Federal Rules of Civil Procedure dictates that the proceeding supplementary to and in aid of a judgment or execution must accord with the practice and procedure of the state where the district court is located.

13. Under Texas Civil Practice & Remedies Code § 31.002(b), plaintiff requests this Court to appoint a Receiver with authority to take possession of the defendant's property, sell it and pay the proceeds to plaintiff to the extent required to satisfy the judgment.

14. The statute, as amended in 2017, only requires proof that defendant has property. The statute no longer requires proof of non-exempt asserts that cannot be attached or levied upon. Applicant believes that Defendant owns or has rights to non-exempt personal property, but applicant needs the assistance of a Receiver and Master to discover, seize, administer, and sell the assets. A corporation may not claim exemptions under the Texas constitution or Property Code.

15. Plaintiff requests that Famose T. Garner, 2525 Robinhood Street, Houston, Texas 77005, be appointed Receiver with the powers granted in the statute and the attached order, and

that defendant be ordered to turn over to Receiver all requested documents and property, including those set out in Exhibit A, *attached* to the Proposed Order. Plaintiff further requests that all costs of the Receiver be taxed against defendant.

16. Plaintiff requests that the Court order defendant to turn over the property and the rights to Receive property, as well as all documents and records relating to the property, to the Receiver. The Court should authorize the Receiver to seize or take possession and control of defendant's right, title, and interest in the property and to manage defendant's financial affairs and distribute Defendant's income until defendant pays this debt.

17. Plaintiff requests the Court to enter the Proposed Order Appointing Receiver *attached as* Exhibit 2.

## IV.   APPOINTMENT OF MASTER

18. <u>Master in Chancery Powers</u>. The Court may submit to the master whichever matters are deemed necessary and proper in the circumstances. The order of reference to the master may specify or limit his powers. See Fed. R. Civ. P. 70. Subject to the limitations and specifications stated in the order, the master has and shall exercise the power to regulate all proceedings in every hearing before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties under the order. *Id.*

19. A Master may require the production before him of evidence upon all matters embraced in the reference, including the production of books, papers, vouchers, documents, and other writings applicable thereto. *Id.* He may rule upon the admissibility of evidence, unless otherwise directed by the order of reference and has the authority to put witnesses on oath, and may, himself, examine them, and may call the parties to the action and examine them upon oath. *Id.*

20. A master can immediately issue orders, rather than incurring the delays required for the opportunity to be heard in open court. Otherwise, property, evidence, and witnesses can easily disappear before a hearing can be held.

21. Appointing a master allows submission of a formal report of the facts (subject to the Court's review) that were discovered. Defendants may object to the report, but if defendants do not object, the facts set out in the report are binding. This procedure saves the Court a great deal of time by limiting the disputed facts.

22. Appointing a master will reduce the need for hearings, lower attorneys' fees, and protect the economic interests of all parties. The master's fees may be included in Receiver's fees, so normally no extra cost will be incurred, and the master's report will be useful to the Court.

23. This being a post-judgment case, the master's duties are limited to locating assets and the records that determine the ownership of the assets, their value, and the liens against the assets.

## V.    BOND

24. Being a post-judgment matter. Plaintiff moves that a nominal bond for Receiver be required.

## VI.    INJUNCTION

25. Plaintiff moves that defendant be enjoined from encumbering or transferring property to anyone, but Receiver and that defendant be enjoined from concealing property, including through third parties, companies, trusts, agents, attorneys, pseudonyms, or assumed names. Receiver's bond should also server as the injunction bond.

## VII.    COMPENSATION TO RECEIVER

26.     Plaintiff moves that defendant be ordered to pay Receiver 25% of the recoveries, as compensation to Receiver, and that the compensation (and out of pocket expenses related to the recovery) be paid, as taxable court costs, besides the amount owed to plaintiff. A contingency fee is the only way that plaintiff can afford a Receiver.

27.     Plaintiff is an individual who does not have the funds to pay Receiver and hourly fee. Plaintiff is an hourly wage earner whom defendant cheated out of her wages. Requiring hourly receivers' fees easily doubles or triples the fees, especially in small cases. For example, if a $20,000 judgment is collected, Receiver's contingency fee is $5,000. The assessment of the fees is simple: $20,000 x .25 = $5,000. If receiver must prove his hourly fees, he will spend 5-10 hours computing the fees, preparing for the hearing, and testifying. In a contested case, receiver will need representation—another 10-15 hours—resulting in a total prove-up cost of at least 15-20 hours— well over the $5,000 contingency fee—and this is before Receiver's hours are assessed—which could easily be 60 hours. The payoff figure for a $20,000 judgment could easily double the judgment to over $40,000.

## VIII.   REQUEST FOR ATTORNEYS' FEES AND COSTS

28.     As a result of defendant's refusal to pay the judgment, plaintiff has had to incur additional attorney's fees and costs to prosecute this application and pursue post-judgment collection of the final judgment against defendant. Plaintiff continues to accrue significant attorneys' fees and costs that plaintiff is entitled to recover. *See* Tex. Civ. Prac. & Rem. Code § 31.002(c).

29.     Under Texas Civil Practice & Remedies Code § 31.002(c), plaintiff requests the Court to award plaintiff all reasonable and necessary attorneys' fees and costs incurred in connection with prosecuting this Application and in collecting the Judgment.

\* \* \*

PRAYER

Plaintiff requests an order granting this application and issuing the following relief:

(i) Appointing Famose T. Garner as Receiver and Master of defendant's property and a nominal Receiver's bond be set, if any;

(ii) Ordering defendant to turn over and deliver to the Receiver, without delay, all property and all documents relating to or evidencing defendant's interest in the property;

(iii) Ordering, after ten days, the property be liquidated by Receiver or Receiver's agents, and that the sales proceeds and all the cash on hand be delivered to plaintiff, after offset of Receiver's fee and costs, in reduction of the judgment and all amounts awarded since judgment;

(iv) Enjoining Defendant and each third party from concealing or transferring any property until the receivership is closed and the judgment paid;

(v) Awarding Plaintiff all reasonable and necessary attorneys' fees and costs and Receiver's fees incurred in connection with this application and collecting the Judgment;

(vi) Entering judgment in favor of plaintiff against defendant for all costs incurred, including reasonable attorneys' and Receiver's fees; and

(vii) Awarding Plaintiff all such other and further relief at law, and in equity, as is just.

Respectfully submitted,

By: */s/ Drew N. Herrmann*
Drew N. Herrmann
Texas Bar No. 24086523
drew@herrmannlaw.com
HERRMANN LAW, PLLC
801 Cherry St., Suite 2365
Fort Worth, TX 76102
Phone: 817-479-9229
Fax: 817-840-5102

-and-

>Riecke Bauman
>Texas Bar No. 1931700
>riecke@texascollect.com
>1832 Kirby Drive
>Houston, TX 77019
>Phone: 713-529-1600
>Fax: 713-588-8896
>
>ATTORNEYS FOR PLAINTIFF

<u>CERTIFICATE OF SERVICE</u>

    I certify that on January 26, 2023 the above document will be filed via CM/ECF, which will cause a copy to be served on all counsel of record.

>*/s/ Drew N. Herrmann*
>Drew N. Herrmann