IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Chiara Ettorre,**<br><br>*Plaintiff,*<br><br>v.<br><br>**Russo's Westheimer, Inc.**<br><br>*Defendant.* | No. 4:19-cv-00245<br><br>**PLAINTIFF'S FIRST MOTION FOR POST-JUDGMENT ATTORNEYS' FEES** |

**PLAINTIFF'S FIRST MOTION FOR POST-JUDGMENT ATTORNEYS' FEES**

**Table of Contents**

I.   Argument and Authorities ........................................................................................... 5

    A.   The legal standard for computing attorneys' fees. ........................................... 5

    B.   Plaintiff's Counsel's hourly rate is reasonable considering the rates charged by other attorneys with comparable experience. ........................................................ 6

    C.   The time sought to be recovered is reasonable. ............................................. 11

    D.   The *Johnson* factors further support the amount of the lodestar. .................. 13

## Table of Authorities

**Cases**

*Allen v. Banks Cty.*,
  No. 2:16-CV-0076-RWS, 2018 U.S. Dist. LEXIS 220695 (N.D. Ga. 2018) ........................... 11

*Black v. Settlepou, P.C.*,
  732 F.3d 492 (5th Cir. 2013) ........................................................................................... 5

*Blum v. Stenson*,
  465 U.S. 886 (1984) ......................................................................................................... 6

*Calsep A/S v. Intelligent Petro. Software Sols., LLC*,
  No. 4:19-CV-1118, 2022 U.S. Dist. LEXIS 29438 (S.D. Tex. Feb. 18, 2022) ...................... 7

City of *Riverside v. Rivera*,
  477 U.S. 561 (1986) ....................................................................................................... 11

*Cloud v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*,
  2022 WL 2805527 (N.D. Tex. July 18, 2022) ........................................................... 10, 10

*Crane v. Rave Rest. Grp., Inc.*,
  Civil Action No. 4:20-CV-13, 2022 U.S. Dist. LEXIS 23330 (E.D. Tex. Feb. 9, 2022) .......... 9

*DeHoyos v. Allstate Corp.*,
  240 F.R.D. 269 (W.D. Tex. 2007) .................................................................................... 9

*Fender v. Zapata P'ship*, Ltd.,
  12 F.3d 480 (5th Cir. 1994) .............................................................................................. 5

*Fox v. Vice*,
  563 U.S. 826 (2011) ......................................................................................................... 5

*Green v. Adm'rs of Tulane Educ. Fund*,
  284 F.3d 642 (5th Cir. 2002) ..................................................................................... 6, 11

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ....................................................................................................... 11

*In re Enron Corp. Sec.*, Derivative & ERISA Litig.,
  586 F. Supp. 2d 732 *(*S.D. Tex. 2008*)* ............................................................................. 8

*In re Wells Fargo and Hour Employment Practices Litigation (No. III)*,
  2013 U.S. Dist. LEXIS 70040 (5th Cir. May 17, 2013) ...................................................... 9

*Islamic Ctr.* of Miss., Inc. *v.* City of *Starkville*,
  Miss., 876 F.2d 465 (5th Cir. 1989) ................................................................................. 6

*Jackson v. Mistry Hosp. LLC*,
  No. 1:19-CV-00422, 2021 U.S. Dist. LEXIS 225286, 2021 WL 1392869 ................................ 9

*Johnson v. Georgia Highway Exp., Inc.*,
  488 F.2d 714, 717-719 (5th Cir. 1974) ........................................................................... 13

*Jones v. Diamond*,
  636 F.2d 1364 (5th Cir. 1981) ......................................................................................... 14

*Lopez v. Fun Eats & Drinks, LLC*,
  Civil Action No. 3:18-CV-1091-X, 2023 U.S. Dist. LEXIS 107025 (N.D. Tex. June 20, 2023)
  ..................................................................................................................................... 7, 8

*Louisiana Power & Light Co. v. Kellstrom*,
  50 F.3d 319 (5th Cir. 1995) ............................................................................................... 5

*Mick Haig Productions, E.K. v. Doe*
  s 1-670, 3:10-CV-1900-N, 2012 WL 213701 (N.D. Tex. Jan. 24, 2012) ........................... 9

*Montgomery v. Cont'l Intermodal Grp.-Trucking LLC*,
  No. 19-940 GJF, 2021 U.S. Dist. LEXIS 68946 (D.N.M. Apr. 9, 2021) ........................... 7

*Norman v. Housing Auth.*,
  836 F.2d 1292 (11th Cir. 1988) ....................................................................................... 11

*Oden v. Wellfirst Techs., Inc.*,
  2022 U.S. Dist. LEXIS 119167 ......................................................................................... 8

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*,
  478 U.S. 546, (1986) ......................................................................................................... 6

*Perdue v. Kenny A.*,
  559 U.S. 542, 130 S. Ct. 1662 (2010) .................................................................. 12, 12, 13

*Pimpanit v. Phumswarng, Inc.*,
  No. H-20-289, 2023 U.S. Dist. LEXIS 3153 (S.D. Tex. Jan. 5, 2023) .............................. 8

*Quintanilla v. A & R Demolition Inc.*,
  No. H-04-1965, 2007 WL 5166849 (S.D. Tex. May 7, 2007) .......................................... 6

*R.M. Perez & Assocs., Inc. v. Welch*,
  960 F.2d 534 (5th Cir. 1992) .......................................................................................... 12

*Riley v. City of Jackson*,
  99 F.3d 757 (5th Cir. 1996) ............................................................................................ 12

*Rouse v. Target Corp.*,
  181 F. Supp. 3d 379 (S.D. Tex. 2016) .............................................................................. 8

*Ruiz v. Estelle*,
    553 F. Supp. 567 (S.D. Tex. 1982) .................................................................................. 11-12

*Saizan v. Delta Concrete Prods. Co.*,
    448 F.3d 795 (5th Cir. 2006) ................................................................................................ 5

*Saldivar v. Austin Indep. Sch. Dist.*,
    675 F. App'x 429 (5th Cir. 2017) ...................................................................................... 5-6

*Sheffield v. Stewart Builders*,
    2021 U.S. Dist. LEXIS 48116 (S.D. Tex. 2021) ................................................................... 6

*Slipchenko v. Brunel Energy, Inc.*,
    2015 U.S. Dist. LEXIS 8177, 2015 WL 338358 .................................................................. 8

*Strong v. Bellsouth Telecomm., Inc.*,
    137 F.3d 844 (5th Cir. 1998) ................................................................................................ 5

*Tech Pharm. Servs., LLC v. Alixa Rx LLC*,
    298 F. Supp. 3d 892 (E.D. Tex. 2017) ................................................................................. 9

*Thomas v. Houston Circle of Hope Servs., Inc.*,
    2023 U.S. Dist. LEXIS 58092 (S.D. Tex. Mar. 14, 2023) ................................................. 7-8

*US Green Bldg. Council, Inc. v. Wardell*,
    No. 3:14-CV-01541-M-BH, 2016 U.S. Dist. LEXIS 89457 (N.D. Tex. June 17, 2016) .......... 12

*Veasey v. Abbott*,
    No. 2:13-CV-193, 2020 U.S. Dist. LEXIS 255611 (S.D. Tex. May 27, 2020) ......................... 9

*Watkins v. Fordice*,
    7 F.3d 453, 458-459 (5th Cir. 1993) ..................................................................................... 6

*Worrell v. Houston Can! Academy*,
    287 Fed. App'x 320 (5th Cir. 2008) ...................................................................................... 9

In accordance with this Court's Order, (Dkt. 81), Plaintiff files this First Motion for Post-Judgment Attorneys' Fees to recover "reasonable attorneys' fees and costs incurred in these post-judgment proceedings." (Dkt. 81 at p. 9) ("Ettorre may file an application for fees and costs within 14 days of entry of this order.").

I. **Argument and Authorities**

A. **The legal standard for computing attorneys' fees.**

The method under which to calculate attorney's fees is the "lodestar" method. *Fender v. Zapata P'ship, Ltd.*, 12 F.3d 480, 487 (5th Cir. 1994). Courts must use the "lodestar method" to "assess attorneys' fees" in FLSA suits. *Strong v. Bellsouth Telecomm., Inc.,* 137 F.3d 844, 850 (5th Cir. 1998). The lodestar is computed by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Black v. Settlepou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) ("The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for [the] work."); *see also Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995). In ascertaining the compensable time, the court determines the appropriate hourly rate based on the prevailing community standards for attorneys of similar experience in similar cases. *Kellstrom*, 50 F.3d at 328.

"Trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011). There is a strong presumption of the reasonableness of the lodestar amount. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006); see also *Saldivar v. Austin Indep. Sch. Dist.*, 675 F. App'x

5

429 (5th Cir. 2017); *Sheffield v. Stewart Builders*, 2021 U.S. Dist. LEXIS 48116, at *5 (S.D. Tex. 2021) ("The Supreme Court has also instructed that the court should engage in a 'strong presumption' that the lodestar figure, without adjustment, is the reasonable fee award." citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, (1986)).

Here, Plaintiffs seek reasonable attorneys' fees based on the lodestar fee of **$15,485.00**. See Herrmann Decl., (Exhibit 1 at App. 5 ¶ 12); Time Records, (Exhibit 1-A). The lodestar fee is based on: (1) Drew Herrmann's reasonable hourly rate of $475; and (2) the reasonable time incurred in connection with post-judgment collection proceedings in this matter.

**B. Plaintiff's Counsel's hourly rate is reasonable considering the rates charged by other attorneys with comparable experience.**

The lodestar fee is "calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *see also Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002) (same). Reasonable hourly rates for a particular community are established by "either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates" from other attorneys practicing there who demonstrate familiarity with the rates charged by local attorneys and their ability and willingness to take on similar cases. *See Quintanilla v. A & R Demolition Inc.*, No. H-04-1965, 2007 WL 5166849, at *7 (S.D. Tex. May 7, 2007); *Watkins v. Fordice*, 7 F.3d 453, 458-459 (5th Cir. 1993). Defendant has the burden to establish that a lower rate than Plaintiff's counsel's normal hourly rate should be used. *Islamic Ctr. of Miss., Inc. v. City of Starkville, Miss.*, 876 F.2d 465, 469 (5th Cir. 1989).

Here, Plaintiffs seek recovery of time incurred by Drew Herrmann at the rate of $475 per hour. The requested hourly rates are reasonable compared to the rates charged by other attorneys

with comparable experience. See Herrmann Decl., (Exhibit 1 App. 1-4 ¶¶ 1-8). The hourly rates are reasonable considering the rates charged by other attorneys with comparable experience litigating employment cases in Texas.

Less than one (1) week ago, in a case very similar to this one, Judge Starr of the Northern District of Texas found that $475 per hour is "a reasonable hourly rate given [Mr.] Herrmann's experience." *Lopez v. Fun Eats & Drinks, LLC*, Civil Action No. 3:18-CV-1091-X, 2023 U.S. Dist. LEXIS 107025, at *7 (N.D. Tex. June 20, 2023) ("Plaintiffs' counsel, Drew Herrmann, charges $475 per hour for his legal services. The Court concludes that that's a reasonable hourly rate given Herrmann's experience.").

Another court in *Montgomery v. Continental Intermodal Group Trucking*, recognized Plaintiff's Counsel's experience and ability to litigate wage and hour cases. "Plaintiff's Counsel at Herrmann Law, PLLC . . . have substantial experience litigating wage and hour cases. Plaintiff's Counsel were able to draw on their prior experience in similar litigation to achieve a manifestly favorable settlement." *Montgomery v. Cont'l Intermodal Grp.-Trucking LLC*, No. 19-940 GJF, 2021 U.S. Dist. LEXIS 68946, at *10-11 (D.N.M. Apr. 9, 2021); *see also Id.* at *26 ('"Here, the parties' counsel—among whom are attorneys with substantial experience in complex class action litigation and [employment] class actions—unanimously support this settlement."')).

Numerous courts in this district have approved similar hourly rates to the rates requested here. *See e.g., Calsep A/S v. Intelligent Petro. Software Sols., LLC*, No. 4:19-CV-1118, 2022 U.S. Dist. LEXIS 29438, at *6 (S.D. Tex. Feb. 18, 2022) (finding a rate of $700 for partners and $500 for mid-level associates reasonable in a trade secrets dispute resolved on default judgment); *Thomas v. Houston Circle of Hope Servs., Inc.*, 2023 U.S. Dist. LEXIS 58092, at *3 (S.D. Tex. Mar. 14, 2023)

7

(finding reasonable rates ranging from $450 to $700 an hour for FLSA action); *Pimpanit v. Phumswarng, Inc.*, No. H-20-289, 2023 U.S. Dist. LEXIS 3153, at *4 (S.D. Tex. Jan. 5, 2023) (awarding hourly rate of $500 per hour in an FLSA case); *BMC Software, Inc. v. Int'l Bus. Machs. Corp.*, Civil Action H-17-2254 (S.D. Tex. Aug. 8, 2022) (finding hourly rates ranging from $360 to $800 to be reasonable, and specifically finding that a rate of $700 for partners and $500 for mid-level associates is reasonable in a trade secrets dispute); *Oden v. Wellfirst Techs., Inc.*, 2022 U.S. Dist. LEXIS 119167, *25-26 (S.D. Tex. June 3, 2022) (finding reasonable rates ranging from $500 - $600 for a disability employment discrimination action); *Slipchenko v. Brunel Energy, Inc.*, 2015 U.S. Dist. LEXIS 8177, 2015 WL 338358, at *19 (S.D. Tex. Jan. 23, 2015) (noting that billing rates—ranging "from $240-$260 for paralegals, $415-$530 for associates, and $635-$775 for partners—are generally comparable to the rates charged by the Texas-based defense counsel in this action" and are rates courts have regularly approved "for representing plaintiffs in class action litigation"); *Rouse v. Target Corp.*, 181 F. Supp. 3d 379, 385 (S.D. Tex. 2016) (approving hourly rate of $500 per hour); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 779-81 (S.D. Tex. 2008) (finding average partner rates of up to $720 and average associate rates of up to $400 reasonable).

Other courts in Texas have also approved similar hourly rates. *See, e.g., Lopez v. Fun Eats & Drinks, LLC*, Civil Action No. 3:18-CV-1091-X, 2023 U.S. Dist. LEXIS 107025, at *7 (N.D. Tex. June 20, 2023) ("Plaintiffs' counsel, Drew Herrmann, charges $475 per hour for his legal services. The Court concludes that that's a reasonable hourly rate given Herrmann's experience."). *Advanced Physicians, S.C. v. Conn. Gen. Life Ins. Co.*, 3:16-cv-02355-G-BT, 2021 U.S. Dist. LEXIS 250455, 2021 WL 6428370, at *6 (N.D. Tex. Dec. 17, 2021) (finding a range from $537.00 to

8

$862.00 per hour to be reasonable rates to charge); *Tech Pharm. Servs., LLC v. Alixa Rx LLC*, 298 F. Supp. 3d 892, 906-07 (E.D. Tex. 2017) (finding a range from $450.00 to $860.00 per hour to be a reasonable rates to charge for attorneys, and a range of $150.00 to $250.00 to be a reasonable rate to charge for staff); *Crane v. Rave Rest. Grp., Inc.*, Civil Action No. 4:20-CV-13-ALM, 2022 U.S. Dist. LEXIS 23330, at *13-14 (E.D. Tex. Feb. 9, 2022) (finding hourly rates in Sherman and Dallas Texas area to be similar and approving hourly rates ranging from $925.00 to $600 per hour for partners, $425.00 to $385.00 per hour for associates, $195.00 per hour for paralegals, and approving a blended rate of $500 per hour); *Jackson v. Mistry Hosp. LLC*, No. 1:19-CV-00422, 2021 U.S. Dist. LEXIS 225286, 2021 WL 1392869, at *2 (E.D. Tex. April 12, 2021) (finding a blended hourly rate of $595 per hour to be reasonable and noting that other courts in the Fifth Circuit have allowed similar rates); *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 324-25 (W.D. Tex. 2007) (approving as reasonable hourly rates of $550 for senior counsel and $475 for associates in complex civil rights case); *Worrell v. Houston Can! Academy*, 287 Fed. App'x 320, 327 (5th Cir. 2008) (upholding rate of $500 per hour in uncontested declaration); , *In re Wells Fargo and Hour Employment Practices Litigation (No. III)*, Case No. 4:11-md-2266 2013 U.S. Dist. LEXIS 70040 (5th Cir. May 17, 2013) (court approved $550 per hour for attorney's fees in FLSA matter).[1]

As Judge Scholer of the Northern District recently found, a rate of $495 per hour in an ERISA case is "below that of a customary fee charged by counsel with the same level of skill and

---

[1] *See also* LAFFEY MATRIX, http://www.laffeymatrix.com/see.html ($733 per hour is reasonable hourly rate for attorney 8-10 years out of law school); cf. *Veasey v. Abbott*, No. 2:13-CV-193, 2020 U.S. Dist. LEXIS 255611, at *33 (S.D. Tex. May 27, 2020) (finding another court "noted that [Laffey Matrix] was supported by additional testimony that the rates in D.C. were equivalent to the rates in Dallas.") (citing *Mick Haig Productions, E.K. v. Does 1-670*, 3:10-CV-1900-N, 2012 WL 213701, at *2 (N.D. Tex. Jan. 24, 2012)).

experience," citing to a recent decision in which reasonable hourly rates were between $537 to $862 per hour. *See Cloud v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, 2022 WL 2805527, at *6 (N.D. Tex. July 18, 2022) (citing *Advanced Physicians, S.C. v. Conn. Gen. Life Ins. Co.*, 3:16-cv-02355-G-BT, 2021 U.S. Dist. LEXIS 250455, 2021 WL 6428370, at *6 (N.D. Tex. Dec. 17, 2021) (finding reasonable rates ranging from $537 to $862 per hour in an ERISA action)). As Judge Scholer observed in *Cloud*, "many law firms bill associates with no courtroom experience at rates higher than" the $495 requested in that case. *See Cloud v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, 2022 WL 2805527, at *2 (N.D. Tex. July 18, 2022).

Indeed, the rates requested by Plaintiff's counsel in this matter are less than the hourly rates charged by other attorneys as documented in federal court filings.

For example, *In re: Benevis Corp., et al.*, No. 20-33918 (S.D. Tex. Br.), Jackson Walker sought attorney's fees for its partner attorneys at rates ranging from $575 to $1,000 per hour. *See Hourly Rates in Benevis*, (Exhibit 2).[2] Indeed, the hourly rate requested here for Mr. Hermann is $100 lower than the lowest hourly rate listed in the now two-year-old filing for any partner at Jackson Walker in 2021.

Similarly, partner attorneys at Jackson Walker's Houston, Texas office were billed at an hourly rate of $775 per hour and associates at $510 per hour for their time in an FLSA case that was filed in Illinois. *See Hourly Rates in Berger*, (Exhibit 3).

Rates charged by other employment attorneys in the relevant legal community also far exceed the rates requested by Plaintiffs' counsel in this case. Several examples are as follows:

- In *In re: Westmoreland Coal Co.*, No. 18-35672 (Doc. 2165) (Bankr. S.D. Tex.) a labor and

---

[2]   The names highlighted in yellow on Exhibit 2 are attorneys who have employment law listed among their practice areas.

10

employment attorney who was a 2011 law school graduate requested and was approved for a rate of $1,055.00 per hour for providing legal services to the debtor regarding potential WARN Act violations. *See id.*, at ECF Document 2165 and 2278.

- In 2019 in a Bankruptcy proceeding, 2011-graduate employment lawyer was listed at a rate of $775.00 per hour. *See In re West Holdings, Inc.*, No. 18-30777, ECF Document No. 1429 at p. 9 (Bankr. N.D. Tex. Dallas). The court approved the request for fees. *See id.* at Dkt. 1485. In the same matter the court approved rates of $660 and $635 per hour for two employment attorneys who graduated law school in 2015 and 2014, respectively. *See id.*

- In *Medoc Health Servs., LLC v. Nguyen*, No. DC-18-0822 (14th District Court for Dallas County, Texas), a 2010 law school graduate who handles FLSA and other employment cases listed his hourly rate in court filings as $665 per hour.

Plaintiff's Counsel's hourly rate of $475 is reasonable and consistent with the hourly rates charged by other attorneys practicing in the Southern District of Texas.

### C. The time sought to be recovered is reasonable.

"[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed . . . not the least time in which it might theoretically have been done." *Allen v. Banks Cty.*, No. 2:16-CV-0076-RWS, 2018 U.S. Dist. LEXIS 220695, at *4 (N.D. Ga. 2018) (quoting *Norman v. Housing Auth.,* 836 F.2d 1292, 1306 (11th Cir. 1988)). Indeed, Claimant's counsel are entitled to be compensated for all hours "reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983); *see also Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d at 663 ("[C]ounsel for [a] prevailing part[y] should be paid, as is traditional with attorneys compensated by a fee-paying client, for all time reasonably expended on a matter.") (*quoting City of Riverside v. Rivera*, 477 U.S. 561, 575 (1986)). "Plaintiffs' attorneys are, of course, not required to reduce or otherwise trim the time they spend on actions such as this, merely because litigation will be protracted, and the total amount of time, when viewed in its entirety, will be sizeable." *Ruiz*

*v. Estelle*, 553 F. Supp. 567, 576 (S.D. Tex. 1982) (counsel's time records reasonable in complex civil rights litigation where litigation lasted over ten years and total amount was "substantial").

"Although the lodestar method is not perfect, it has several important virtues." *Perdue v. Kenny A.*, 559 U.S. 542, 550-52, 130 S. Ct. 1662, 1671-72 (2010). Indeed, "the lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Id.*; *see also US Green Bldg. Council, Inc. v. Wardell*, No. 3:14-CV-01541-M-BH, 2016 U.S. Dist. LEXIS 89457, at *24-25 (N.D. Tex. June 17, 2016) ("there is a strong presumption that the lodestar figure represents a reasonable attorney's fee.") (quoting *R.M. Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 541 (5th Cir. 1992)).

Here, Plaintiff seeks an award of attorneys' fees based on the time incurred in pursuing post-judgment collection. As described in the attached time records, Plaintiff's counsel has spent a total of 40.50 hours pursuing post-judgment collection, including preparing this motion for attorneys' fees. *See* Herrmann Decl., (Exhibit 1 at App. 5 ¶¶ 10-11); Time Records, (Exhibit 1-A); cf. *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996) (finding that attorney's fees incurred in connection with preparing a fee application are recoverable). Although Plaintiff submits that the total time incurred is reasonable, Plaintiff's Counsel has agreed to reduce the time incurred by 7.90 hours (or ~20% of the time incurred). *Id.* Accordingly, Plaintiff seeks recovery of 32.60 hours for the time Plaintiff's Counsel incurred in connection with post-judgment collection proceedings.

In sum, Plaintiff requests recovery of reasonable attorneys' fees based on an adjusted lodestar fee in the amount of **$15,485.00**. See Herrmann Decl., (Exhibit 1 at App. 5 ¶ 12) (32.60 hours x $475 = $15,485.00).

### D. The *Johnson* factors further support the amount of the lodestar.

As discussed above, there is a strong presumption that the lodestar figure is a reasonable fee. However, after calculating the lodestar, courts may adjust the award of attorney's fees based upon the twelve *Johnson* factors. *Johnson v. Georgia Highway Exp., Inc.,* 488 F.2d 714, 717-719 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87 (1989). However, the court should not adjust the lodestar based on a factor that is already subsumed in the lodestar calculation. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010). As noted above, the lodestar is presumptively reasonable and Plaintiff seeks recovery of the lodestar amount.[3]

*i.* ***Time and labor required.*** Exhibit 1-A shows the time expended as recorded in Plaintiff's Counsel's computerized billing system. Plaintiff's Counsel records time at or near the time of performing the work. Exhibit 1-A describes the time for which compensation is sought.

*ii.* ***The novelty and difficulty of the questions presented in the case.*** The issues addressed by Plaintiff's Counsel's post-judgment were moderately difficult, including filing a motion and obtaining an Order granting turnover and receivership. *See e.g.,* (Dkt. 81 at p. 9) (this Court already found, "[t]he amount in controversy is significant, the grant of the turnover and receiver motion turns on nuanced legal issues, and it is clear that Ettorre's counsel performed a thorough review of hundreds of pages of bank records, in addition to briefing legal arguments.")**.**

---

[3] The lodestar analysis already subsumed several of the *Johnson* factors, including the time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service properly, the customary fee, the amount involved and the results obtained, the experience, reputation, and ability of the attorneys, and awards in similar cases. There is no evidence that the other factors (i.e., whether the fee is fixed or contingent, time limitations imposed by the client or the circumstances, the undesirability of the case, and the nature and length of the professional relationship with the client) warrant any adjustment to the lodestar.

13

Plaintiff's Counsel believes this case has been handled prudently and efficiently and the amount of the fees incurred is reasonable under the circumstances present in this case.

    *iii.*    ***The skill requisite to perform the legal services properly***. As set forth in Exhibit 1, Plaintiff's Counsel is adequately skilled and otherwise qualified to pursue this case.

    *iv.*    ***Preclusion of other employment due to the acceptance of this case.*** Plaintiff's Counsel does not seek adjustment of the lodestar based on this factor.

    *v.*    ***The customary fee.*** As described above and set forth in Exhibit 1, Plaintiff's Counsel's hourly rate is equal to or less than the rates charged by other attorneys who handle similar matters in Houston, Texas and the Southern District.

    *vi.*    ***Whether the fee is fixed or contingent***. Due to the contingent nature of this case, Plaintiff's counsel had an enormous incentive to litigate the case as economically and efficiently as possible. Therefore, the reasonableness of Plaintiff's requested fee is further justified by the fact that Plaintiff's counsel accepted this case on a contingency fee basis, with no guarantee that any of the fees incurred or costs advanced would ever be recovered. Indeed, since this case was filed more than 4 ½ years ago, Plaintiff's Counsel has not been paid for any of the time or expenses incurred in this case. *Cf. Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir. 1981) (holding "[l]awyers who are to be compensated only in the event of victory expect and are entitled to be paid more when successful from those who are assured of compensation, regardless of result.") (en banc.).

    *vii.*    ***The amount of time involved and the results obtained.*** This factor is subsumed in the discussion above. *See e.g.,* (Dkt. 81 at p. 9) (this Court already found, "[t]he amount in controversy is significant, the grant of the turnover and receiver motion turns on nuanced legal

14

issues, and it is clear that Ettorre's counsel performed a thorough review of hundreds of pages of bank records, in addition to briefing legal arguments.").

*viii.* ***The experience, reputation and ability of the attorneys.*** As discussed above, Plaintiff's counsel is an experienced, reputable, and able attorney.

*ix.* ***The undesirability of the case.*** Pursuing a case such as this one carries many risks given that it was handled on a contingency fee basis and Plaintiff's Counsel has not recovered any of the fees or expenses incurred in the more than 4 ½ years since this case was filed.

*x.* ***The Nature and Length of the Professional Relationship with the Client.*** Plaintiff's counsel represented Plaintiff on a contingency fee basis, and there is not a continuing profitable attorney-client relationship between Plaintiff and Plaintiff's counsel. Since initiating this lawsuit, Plaintiff's counsel has engaged in extensive litigation and incurred substantial expenses on behalf of Plaintiff, and Plaintiff's Counsel has yet to be paid.

*xi.* ***Awards in Similar Cases***. As set forth above and in the attached declaration, (Exhibit 1), Plaintiff's Counsel's requested hourly rate is reasonable and customary for attorneys in Houston with similar qualifications and experience.

\* \* \*

Accordingly, Plaintiff respectfully requests recovery of attorneys' fees in the amount of **$15,485.00** with interest to accrue on such amount until paid in full. Plaintiff further requests all such other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

By: */s/ Drew N. Herrmann*
Drew N. Herrmann
Texas Bar No. 24086523
drew@herrmannlaw.com
**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, TX 76102
Phone: 817-479-9229
Fax: 817-840-5102
ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I certify that on June 26, 2023 the above document will be filed via CM/ECF, which will cause a copy to be served on all counsel of record.

*/s/ Drew N. Herrmann*
Drew N. Herrmann

CERTIFICATE OF COMPLIANCE

I hereby certify that this brief contains 3,565 words, as established by the word count of the computer program used for preparation of this brief.

*/s/ Drew N. Herrmann*
Drew N. Herrmann